■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD KUCK, Appellant. — Judgment, Supreme Court, New York County, rendered on November 14, 1972, convicting defendant, after trial, of perjury in the first degree, reversed, on the law, and in the interests of justice, and new trial ordered. It was highly improper and prejudicial to the rights of the defendant for the juror, Allen, to have failed to report to the trial court the obscene telephone call which he received in the nighttime, at his home, from one, who said she was the daughter of the defendant. This was denied by the stepdaughter of defendant. This prejudice was aggravated when this juror reported the conversation to two fellow-jurors, Messrs. Appleyard and Morely, while the trial was in progress. The questioning of the juror, Allen, during the hearing on the motion to set aside the guilty verdict, revealed the following: " Q. Did you get in touch with — Did you reveal the fact that you got this phone call to other members of the jury? A. To [sic] other jurors. Q. During the trial? * * * Q. Well, now, when you spoke to these two jurors — two other jurors — was that during the trial? A. Yes. Q. It was before delibera: ns began? A. Yes." Again we find: " Q. Well, you revealed this phone call prior to the beginning of deliberations during the trial? A. Two [sic] two jurors and two afterwards." Following this testimony the court requested memoranda in order to assist it in arriving at its determination. This testimony was received on October 12, 1972. Thereafter, and on October 27, 1972, the District Attorney, in the absence of counsel for the defendant, appeared before the Judge with the two jurors, Appleyard and Morely, and requested " the Court to open the hearing so that Mr. Appelyard [sic] and Mr. Morely can be questioned by the Court to determine whether defendant's rights were violated in any manner by the conversations they supposedly had with Mr. Allen." Again, in the same minutes, we find that the District Attorney addressed the court in the following language: " Further, it appears to me in the interests of justice that that hearing has to be continued. We have to determine whether or not the defendant's substantial rights are violated." The District Attorney stated: " further, I'd like the record to show or reflect that Mr. Morely is present in Court, standing here, and, also, Mr. Appleyard. THE COURT: Alright. Decision is reserved. MR. PATTEN: [District Attorney] And, is it the Court's ruling, sir, that there will be no further hearing? THE COURT: There will be no further hearing. I'll make my ruling based on what I heard on the record. MR. PATTEN: And, the Court does not with |[sic] to question — THE CURT [sic]: (Interrupting). No. Thank you very much." The District Attorney also informed the Judge, during these last mentioned proceedings, that he had advised defense counsel of his intention to make the application, although there seems to be some question raised about this by defense counsel. In any event, it is clear that neither defendant, nor his counsel, was present. We have no reason to doubt the statement of the District Attorney that he telephoned counsel for defendant about his proposed course of conduct. However, it was the duty of the court to have directed counsel for the defendant to be present so that the defendant's interests could be properly protected. After all, so far as the defense counsel knew, the hearing had been terminated on October 12, except for the memoranda of law which were requested at that time. We must assume that, if the court had directed counsel to appear, they would have appeared. The failure of juror Allen to tell the court, as was his duty, about the phone call at his home; his report of the contents of the

phone call to jurors Appleyard and Morely while the trial was in progress; and the failure of the court to continue the hearing, as requested by the District Attorney when Appleyard and Morely were present before the court, all raise serious questions as to whether defendant was afforded a fair trial at the hands of an impartial jury. Who can say what effect the reported phone call had on jurors Appleyard and Morely? It is hardly likely that they looked more kindly at the defendant because of it. The court was duty bound, on its own initiative, to make further inquiry in order to ascertain whether any prejudice had resulted to the defendant because of the actions of the jurors and should have granted the District Attorney's request to continue the hearing. We are directing a new trial because, at this late date, no useful purpose would be served by a further hearing and it is clear to us that, outside of the presence of the court, the jurors engaged in improper conduct which has substantially affected the rights of the defendant. ( CPL 330.30 subd. 2.)   Concur — Markewich, J.P., Murphy, Tilzer and Capozzoli, JJ.; Kupferman, J., dissents in the following memorandum: After the jury verdict of guilty and prior to the imposition of sentence, defendant moved to set aside the verdict on the ground of misconduct of jurors. The court properly held a hearing, and the juror involved testified that he had received a phone call during the trial, and as to the call and his mention of it to two other jurors as follows: "I asked if either of them had received a phone call and they said no, why, and I said, well, I received a phone call and I'm not sure what it was. A voice got on the phone which was entirely unintelligible for eight to ten seconds. I heard not one word, and I said, who is this, please, and I think the answer was, I'm the defendant's daughter, with a nasty word. I said Goodby, and hung up. I asked them because I wasn't sure then and I'm not sure now whether that is what I heard. We get phone calls occasionally — you know — that sound like they're unintelligible." It was the position of the attorneys for the defendant that no explanation should be received and they continued to object to any testimony other than the fact that the juror received a phone call and had not informed the court thereof. For example, they even objected to any testimony as to what the other two jurors had said when they were asked by the first juror who was testifying, if they had received a phone call. After the hearing, the Judge denied the motion to set aside the verdict. The District Attorney asked counsel for the defendant to return to court in connection with the District Attorney's application to reopen the hearing in order to examine the other two jurors, but counsel did not appear having informed the District Attorney that counsel considered the hearing to be closed. The District Attorney came before the court with the two jurors available, but the court at that point indicated that under the circumstances there was no need to probe further. What we have here is the failure of a juror to report a conversation which at the hearing he stated did not prejudice him. Whether it affected the other two jurors we do not know, although it would not prima facie seem to have caused any prejudice. ( Cf. *People* v. *Sher*, 24 N Y 2d 454.) However, the defendant refused to have the matter pursued. This court is now outlining an excellent strategy for future defendants to follow in order to set aside a conviction.